FILED
SUPERIOR COURT
OF GUAM

2021 FEB 23 PM 1: 21

CLERK OF COURT

BY: _____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **JOEL JOSEPH, DVM,** | **CIVIL CASE NO.: CV0436-19** |
| Plaintiff, | |
| vs. | **DECISION AND ORDER** |
| | Re: Plaintiff's Motion to Strike and Disregard; Defendant's Motion to File Supplemental Memorandum. |
| **DYLAN MECHANICAL CONSTRUCTION SERVICES, INC.,** | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Judge Anita A. Sukola on February 15, 2021, upon Plaintiff's Motion to Strike and Disregard the Declaration of Harold D. Cullick and Defendant's Motion for Leave to File Supplemental Memorandum in Support of Cross Motion for Summary Judgment. The Plaintiff, Joel Joseph, DVM, ("Joseph") is represented by Mitchell F. Thompson, Esq. The Defendant, Dylan Mechanical Construction Services, Inc., ("Dylan"), is represented by Joseph C. Razzano, Esq. For the reasons set forth below, having reviewed the moving papers of both parties, the Court **DENIES** Plaintiff's Motion to Strike and Disregard the Declaration of Harold D. Cullick and **DENIES** Defendant's Motion for Leave to File Supplemental Memorandum in Support of Cross Motion for Summary Judgment.

## BACKGROUND

Joseph filed a complaint in this matter on April 15, 2019. See Compl. (Apr. 15, 2019). On May 7, 2019, Dylan filed a timely answer and counter claim. See Answer and Counterclaim. (May 7, 2019). On May 9, 2019, Dylan filed an amended answer and counterclaim. See Amend. Answer and Counterclaim (May 9, 2019). Dylan filed a second amended answer and counterclaim on July 11, 2019. See Second Amend. Answer and Counterclaim (July 11, 2019). Joseph filed an Amended Complaint and Counterclaim on December 12, 2019, which was answered by Dylan on December 27, 2019. See First Amend. Compl. (Dec. 12, 2019); See also Answer to Pl.'s First Amend. Compl. (Dec. 27, 2019). Joseph filed a Reply to Dylan's Amended Counterclaim on January 10, 2020. Pl.'s Reply to Def.'s Amend. Counterclaim (Jan. 10, 2020).

On October 12, 2020, Joseph a filed a Motion for Summary Judgment. See Pl.'s Mot. for Summ. J. (Oct. 12, 2020). On November 9, 2020, Dylan filed their Opposition to the Motion for Summary Judgment which was accompanied by a Declaration from Harold D. Cullick, the principal owner and President of Dylan. See Opp'n to Pl.'s Mot. for Summ. J. (Nov. 9, 2020); See also Decl. of Harold D. Cullick (Nov. 9, 2020). Joseph filed the instant Motion to Strike and Disregard the Declaration of Harold D. Cullick, on November 23, 2020, arguing that the Declaration was inadmissible or inextricably connected to inadmissible material. See Pl.'s Mot. to Strike (Nov. 23, 2020).

Dylan's counsel, Tim Roberts, Esq., filed a Motion to Withdraw as Counsel on December 3, 2020, which was unopposed, and granted by this Court. See Mot. to Withdraw as Counsel (Dec. 3, 2020). Dylan was given sixty (60) days to obtain new counsel and new counsel would be allowed to file motions for leave to file supplemental documents. See Min. Entry (Dec. 3, 2020). Dylan hired current counsel, Joseph C. Razzano, and filed his Opposition to the Motion to Strike on January 11, 2021. See Opp'n to Mot. to Strike (Jan. 11, 2021). Joseph filed a Reply on January 19, 2021. See Reply Memo. (Jan. 19, 2021).

Dylan filed a Motion for Leave to File a Supplemental Memorandum in Support of Cross Motion for Summary Judgment on January 27, 2021. See Mot. for Leave to File Suppl. Memo. (Jan. 27, 2021). Joseph filed on opposition to the motion on February 4, 2021. See Opp'n to Pl.'s Mot. for Leave to File Suppl. Memo. (Feb. 4, 2021). Dylan filed

a reply to that opposition on February 10, 2021. See Reply to Opp'n to Pl.'s Mot. for Leave to File Suppl. Memo. (Feb. 10, 2021). The parties stipulated to waive oral arguments on all outstanding motions, and the Court subsequently took these matters under advisement. See Stip. to Waive Oral Arguments (Feb. 11, 2021).

## DISCUSSION

### I.      Motion to Strike

The Guam Rules of Civil Procedure provide that "[s]upporting and opposing affidavits shall be made on personal knowledge, [and] shall set forth such facts as would be admissible at trial." GRCP 56(e). The Guam Rules of Civil Procedure are based on their federal counterparts, and as such, cases interpreting the Federal Rules of Civil Procedure are persuasive. See *Cruz v. Cruz*, 2005 Guam 3 ¶ 9; see also *People v. Hall*, 2004 Guam 12 ¶ 18; see also *Fajardo v. Liberty House Guam*, 2000 Guam 4 ¶ 17.

Federal Courts have found "[t]he Rule's requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'" *Patterson v. County of Oneida, N.Y.,* 375 F.3d 206, 219 (2nd Cir. 2004). Further, "legal argumentation is an expression of legal opinion and is not a recitation of a 'fact' to which an affiant is competent to testify, [thus] legal argument in an affidavit may be disregarded." *Pfeil v. Rogers*, 757 F.2d 850, 862 (7th Cir. 1985). Nor will "self-serving affidavits without factual support in the record" be considered. *Shank v. William R. Hague, Inc.,* 192 F.3d 675, 682 (7th Cir. 1999). Finally, the Court will not consider "statements that are the result of speculation or conjecture." *Stagman v. Ryan*, 176 F.3d 986, 995 (7th Cir. 1999).

However, when bringing a motion to strike, "the moving party must specify the objectionable portions of the affidavit and the specific grounds for objections." *Casas Office Machines, Inc., v. Mita Copystar America, Inc.,* 42 F.3d 668, 682 (1st Cir. 1994). A motion to strike that is too general will not be granted, and the moving party must "do more than swing its bludgeon wildly." *Perma Research & Development Co. v. Singer Co.,* 410 F.2d 572, 579 (2nd Cir. 1969); See also *Lamb v. Hoffman*, 2008 Guam 2 ¶ 35. Instead, when ruling on a motion for summary judgment, the Court has authority to use "discretion to disregard those facts which would not be admissible in evidence, and to rely only on

those facts which are competent evidence." *Wimberly v. Clark Controller Co.*, 364 F.2d 225, 227 (6th Cir. 1966); See also *Oxford Life Ins. Co. v. United States*, 574 F. Supp. 1417, 1421-22 (D. Ariz. 1983), aff'd in part, rev'd in part on other grounds, 790 F.2d 1370 (9th Cir. 1986) ("the Motion to Strike should be denied, since the Court will disregard those portions . . . dealing with legal conclusions"). Thus, when considering the pending Summary Judgment motion, "this Court will consider neither admissible matter nor matter 'inextricably combined' to inadmissible matter." *Jorman v. Veterans Admin.*, 579 F. Supp. 1407, 1412 (N.D. Ill. 1984).

Here, Joseph argues "the Cullick Declaration . . . is so replete with conclusory statements, speculation, personal opinion, legal arguments and other improper statements that the entire declaration should be disregarded . . . ." Pl.'s Mot. to Strike (Nov. 23, 2020). However, Joseph fails to particularize his objections to the material, instead offering statements such as, "[t]he first paragraph on page 2 . . . speculates as to how Cullick might have re-written the contract," and "[i]n the next paragraph on page 5, Cullick offers up his analysis of the bank loan obtained by Dr. Joseph." See *Id.* at 4-5. These arguments put forth by Joseph, are not "specify[ing] the objectionable portions of the affidavit and the specific grounds for objections," as required to sustain a motion to strike. See *Mita Copystar America*, at 668. The Court is reminded that "[i]t is not sufficient for a party simply to announce a position . . . and then leave it up to this Court to discover and rationalize the bases for his claims." *Lamb* at ¶ 35.

However, there does appear to be ample inadmissible material within the Cullick Declaration. For example, Cullick states, "Dr. Joseph . . . cannot claim liquidated damages . . . [and] [h]e has not tried to mitigate his damages," representing Cullick's opinion as to a legal conclusion and not a fact within his personal knowledge. Decl. of Harold D. Cullick at 10 (Nov. 9, 2020). Cullick puts forth another legal conclusion stating, "[t]he contract lacks sufficient consideration to be an enforceable contract." *Id.* at 7. The above are just a few examples and the Declaration is littered with speculation, legal conclusions, and conclusory statements.

However, the Declaration does also contain statements of fact that Harold D. Cullick is aware of through personal knowledge. For example, Cullick states "[i]t is not true that Joseph told me when he first met me that he needed a bank loan to finance the construction of his kennel. I never agreed to that in the August 13, 2018 contract between

us." *Id.* at 1. Later, Cullick states, "Dr. Joseph has done no work onsite, no permits, etc." *Id.* at 10. The Court is therefore hesitant to strike the entire declaration as there appears to be admissible statements of fact present that will assist the Court in dispensing with the pending Motion for Summary Judgment, in a fair administration of justice. Further, the Court does note that the format of the Declaration has made specificity more difficult, but by no means impossible. Finally, Joseph has not displayed the specificity needed in order to determine the exact verbiage he wishes to strike and the reasons for his objections.

Thus, absent a specific line by line breakdown of the objections to the material by Joseph, this Court must **DENY** the Motion to Strike. However, both parties are put on notice that this Court will not use any inadmissible evidence supplied by Harold D. Cullick in his declaration when analyzing the merits of the pending Motion for Summary Judgment.

**II.     Motion for Leave to File Supplemental Memorandum in Support of Cross Motion for Summary Judgment.**

Motion practice in this Court is governed by Rule 7.1 of the Local Rules of the Superior Court of Guam. Under Rule 7.1(k), "[t]he Court need not consider motions, oppositions to motions or briefs or memoranda that do not comply with [Rule 7.1] . . . ." CVR 7.1(k). There is no local rule that provides for the filing of a surreply. The rules only contemplate a memorandum in support of the motion, an opposition, and a reply. See CVR 7.1(c)(2); CVR 7.1(d)(1); CVR 7.1(d)(2). Other jurisdictions have allowed leave to file supplemental briefings "upon a showing of good cause." See *Servo v. Junginger*, 2014 WL 3891751 * 3 (D. Or. 2014). See also *Reiger v. Nevens*, 2014 WL 537613 (D. Nev. 2014); *Wilridge v. Marshall*, 2014 WL 1217974 (D. Cal. 2014).

Further, "[a] Court has the discretion to grant a responding party leave to file a sur-reply when the moving party has raised new arguments or brought forth new material in its reply brief." *Gibbs v. Plain Green, LLC*, 2017 WL 7693141 (E.D. Va. 2017). However, "where a party seeks merely to re-open briefing on issues previously raised, a sur-reply should not be allowed." *Id.* Typically, Courts "deny motions for surreplies absent extraordinary circumstances." *Hathaway v. Idaho Pacific Corporation*, 2020 WL 2858003 (D. Idaho 2020); See also *Atlin v. Mendes*, 2008 WL 5422871 * 3 (N.D. Tex. 2008); *Gen. Elec. Co. v. Latin Am. Imports, S.A.*, 187 F. Supp. 2d 749, n. 1 (W.D. Ky. 2001).

Finally, it is well established law in Guam "that parties who may freely choose their attorneys should not be allowed to later avoid the ramification of the acts or omissions of their chosen counsel." *Parkland Development, Inc. v. Anderson*, 2000 Guam 8 ¶ 15. Relatedly, Courts have held, "new counsel, alone, does not constitute good cause." *Medtronic Sofamor Danek USA, Inc. v. Nuvasive, Inc.*, 2010 WL 11452386 (S.D. Cal. 2010). Further, the party seeking to file a supplemental brief must explain why the contents of the supplemental brief "were not identified by its prior counsel." *Id.* (*finding no good cause when attempting to amend claims based on change of counsel*). A policy reason exists for these rules, as Courts are reluctant "to allow a party to manufacture 'good cause' at any time simply by switching counsel." *Alexander v. Westbury Union Free School Dist.*, 829 F. Supp. 2d 89, 118 (E.D.N.Y. 2011) (citations omitted).

Here, Dylan is attempting to file a supplemental brief in order "to present case law that is highly persuasive and dispositive." Reply to Opp'n to Mot. for Leave to File Suppl. Memo. at 3 (Feb. 10, 2021). Further, Dylan accuses Joseph of "bury[ing] its head, and [the Court's] in the sand," and trying to dispose of the liquidated damages issue through procedure rather than on the merits. *Id.* However, Dylan "does not dispute that its prior counsel could have uncovered the case law referenced . . . ." *Id.* at 2-3. Finally, Dylan argues that the prior counsel's errors constitute exceptional circumstances. *Id.* at 3.

This Court disagrees. Dylan was freely able to obtain counsel, and thus should be bound by the omissions of their chosen counsel. See *Parkland Development Inc.*, 2000 Guam 8 ¶ 15. The Court will not allow Dylan to manufacture "good cause" simply by changing counsel. See *Alexander*, 829 F. Supp. 2d at 89. Further, Joseph did not raise new arguments in his reply nor bring forth new evidence, and thus, Dylan is attempting to reopen briefing on an issue that has already been briefed. See *Gibbs*, 2017 WL 7693141. This Court warned Dylan that it would not be allowed a second bite at the apple. See Min. Entry (Dec. 3, 2020). Therefore, the Court does not find "good cause" exists to allow the submission of a supplemental brief, and the substitution of counsel or the locating of case law that could have been found for the Opposition brief, does not constitute "extraordinary circumstances. Thus, Defendant's Motion for Leave to File Supplemental Memorandum in Support of Cross Motion for Summary Judgment is **DENIED**.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Strike and Disregard the Declaration of Harold D. Cullick is **DENIED** and Defendant's Motion for Leave to File Supplemental Memorandum in Support of Cross Motion for Summary Judgment is **DENIED**

**FURTHER PROCEEDINGS:  May 6, 2021 at 10:00 a.m.**

**Teleconference:  969-7000**

**Meeting ID.:  115-6384-5418**

**SO ORDERED** this ___2/23/2021___

_____

**HONORABLE ANITA A. SUKOLA**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
___M. Thompson___
___J. Razzano___
Date: _____ Time: _2/23/21_
_____
Deputy Clerk, Superior Court of Guam